**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose MARIA–JUAREZ, Defendant–
Appellant.**

**No. 09–10235.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 25, 2010.*

Filed June 10, 2010.

Michael D. Anderson, Assistant U.S. Attorney, USSAC-Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Rachelle Barbour, Esquire, FPDCA-Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Jose Maria–Juarez appeals from the 70–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Maria–Juarez contends that the district court procedurally erred at sentencing by (1) refusing to consider imposing a lower sentence in order to achieve parity with fast-track defendants; (2) treating the Sentencing Guidelines as mandatory; and (3) failing to adequately explain the sentence. The record indicates that the district court did not procedurally err. *See United States v. Carty,* 520 F.3d 984, 994–96 (9th Cir.2008) (en banc); *see also United States v. Gonzalez–Zotelo,* 556 F.3d 736, 739–41 (9th Cir.2009).

Maria–Juarez also contends that his sentence is substantively unreasonable in light of his mitigating personal circumstances and the age of the prior conviction that was the basis for a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The record reflects that the 70–month sentence is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *cf. United States v. Amezcua–Vasquez,* 567 F.3d 1050, 1055–56 (9th Cir.2009).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand with instructions that the district court delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding to delete the reference to § 1326(b) because it is a sentence enhancement and not a separate punishable offense).

Maria–Juarez's motion for judicial notice is denied.

**AFFIRMED; REMANDED to correct the judgment.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.